United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 02-05009 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT AND VACATING HEARING** |
| JOSEPH M. PALOMBA, | |
| Defendant. | |

### INTRODUCTION

Defendant Joseph M. Palomba now moves to set aside the default judgment entered against him in 2003. Because he fails to meet the standard set forth in Federal Rule of Civil Procedure 60(b), this motion is **DENIED**.

### STATEMENT

The above-captioned action was commenced on October 16, 2002. The United States of America filed suit against Mr. Palomba to reduce his outstanding tax assessments to judgment. The summons and the complaint were personally served upon defendant on October 25, 2002. Although defendant moved for an enlargement of time to answer, this motion was denied because no good cause was shown. On December 17, 2002, the Clerk entered default against defendant. Plaintiff subsequently moved for default judgment. Defendant filed no opposition. On February 20, 2003, a default judgment was granted in the amount of $330,483.10 for defendant's 1998, 1999, and 2000 tax liabilities.

The case file was closed and there was no further activity in this action until August 10, 2005, when defendant moved to quash a noticed deposition. This was apparently prompted by

plaintiff's attempts to obtain information necessary to execute the default judgment. After defendant's motion was denied, he filed a motion for an *in camera* hearing as well as a second motion to quash, both of which were denied. Defendant then filed the instant motion to set aside the default judgment.

**ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 55(c), a default judgment may be set aside "in accordance with Rule 60(b)." Relief from a final judgment may be granted for the following reasons: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. A motion to set aside "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after" the default judgment. FRCP 60(b).

Defendant makes his motion under FRCP 60(b)(6), arguing that he was denied his constitutional right to defend himself (Br. 2). Specifically, defendant was in a "halfway-house environment, under 23-hour lockdown" (Br. 3). Defendant asserts that plaintiff's counsel, who allegedly participated in a separate criminal proceeding against defendant, should have moved for a stay of proceedings or refrained from filing an action until he was released and the "playing field was level" (*ibid.*). Defendant further argues that a temporary stay would have resulted in no prejudice to plaintiff, because he was released from the halfway house on March 13, 2003, after his six-month stay expired (*ibid.*; Moore Exh. 6 at 15:3–11).

Relief under FRCP 60(b)(6) "must be requested within a reasonable time" and "a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). This order finds that the motion was not filed within a reasonable time. Defendant waited two and a half years before moving to set aside the default judgment against him. Nor has defendant succeeded in establishing extraordinary circumstances. By his own admission, he was "granted a 'special' eight-hour pass to visit the law library to specifically respond to this complaint" (Br. 3; *see also* Moore Exh. 1). The

2

record reflects that defendant frequently used his on-going privileges to leave the premises, yet only visited the law library a handful of times (Moore Exh. 3).

Moreover, defendant claims he was released from the halfway house on March 13, 2003, a mere three weeks after plaintiff's motion for default judgment was granted. As his movements were no longer restricted at that time, defendant could have challenged the default judgment in more a timely fashion. Defendant has proffered no reasons for his failure to file a Rule 60(b) motion earlier or appeal to the Ninth Circuit when he had the opportunity to do so. This alone is dispositive.

Even if the Court were to forgive the untimeliness of the motion, defendant has not made a sufficient showing to set aside a default judgment under FRCP 60(b). The Ninth Circuit has held that three factors must be considered on such a motion: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

While it is true that whenever possible, cases should be decided on the merits, this does not mean that this interest always outweighs the interest in the finality of judgments. "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Here, defendant has presented no meritorious defense. As such, there is no indication that the result would have been different had the case been decided on the merits and "nothing but pointless delay can result from reopening the judgment." *Id.* at 697.

## CONCLUSION

For the foregoing reasons, defendant's motion is **DENIED**. The hearing on this motion, currently scheduled for **SEPTEMBER 29, 2005 AT 8:00 A.M.**, is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 16, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3